IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 6:06-cr-00025 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| VINCENT EDWARD TURPIN, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Vincent Edward Turpin, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Turpin has responded, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Turpin's § 2255 motion must be dismissed as untimely.

I.

On August 17, 2006, a federal grand jury charged Turpin in a two-count indictment with: (1) distributing a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Two"). On August 17, 2007, Turpin pleaded guilty to Count Two pursuant to a written plea agreement, and the government agreed to dismiss Count One. (Plea Agree. at 1-2, ECF No. 35.) The Presentence Investigation Report ("PSR") recommended a total offense level of 30 because Turpin qualified as an armed career criminal under The Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) and 924(e). (PSR ¶ 19, ECF No. 76.) Without the armed career criminal designation, Turpin's total offense level would have been 23, which included a two-level enhancement for possession of firearms. (*Id.* ¶¶ 12, 18.) The PSR listed the following prior felony convictions to support the armed career criminal enhancement: (1) a 1990 New Jersey conviction for possession of a controlled substance; (2) a

1991 New Jersey conviction for possession of a controlled substance with intent to distribute; (3) a 1995 New Jersey conviction for possession of a controlled substance; and (4) a 2000 federal conviction from the Eastern District of Pennsylvania for conspiracy to distribute crack, and three counts of distribution of crack. (*Id.* at ¶¶ 25-28.) The PSR recommended a criminal history category of VI, resulting in a guideline imprisonment range of 168 to 210 months. (*Id.* ¶ 45.) However, because the PSR recommended that he be classified as an armed career criminal, Turpin faced a statutory mandatory sentence of fifteen years to life imprisonment. (*Id.* at ¶ 44.) Turpin did not make any substantive objections to the PSR.

On February 29, 2008, the court sentenced Turpin to 180 months' incarceration. Turpin did not appeal. On April 8, 2016, Turpin filed this § 2255 motion alleging: (1) that the district court imposed an unconstitutional sentence in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), because he no longer qualifies as an armed career criminal; (2) the district court erred by permitting the over-representation of his criminal history; (3) the district court erred by failing to consider the factors set forth in 28 U.S.C. § 994(d) and (h); and (4) the district court erred by failing to order the Bureau of Prisons to adjust his sentence for time served in state custody for related crimes.

The court appointed the Federal Public Defender's Office to represent Turpin and provide supplemental briefing, if necessary, in light of *Johnson*, pursuant to Standing Order 2015-5. The Federal Public Defender's Office declined to file any additional pleadings on Turpin's behalf. (Notice at 1, ECF No. 63.)

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that

2

"the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Turpin bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Turpin did not file within one year of his final judgment, which was entered on March 5, 2008, and so his claims are untimely under § 2255(f)(1). Nonetheless, Turpin argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in *Johnson*, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in *Johnson* that applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, as explained below, *Johnson* does not affect Turpin's case, and so his motion must be dismissed as untimely.

3

### B. *Johnson* Claim

Turpin claims that his conviction for conspiracy to distribute crack no longer qualifies as a predicate offense under the ACCA. Therefore, he argues, he does not qualify as an armed career criminal and is not subject to a fifteen-year mandatory minimum sentence. This claim is unavailing.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants have three or more prior convictions for "serious drug offenses" or "violent felonies," the ACCA increases their punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as a drug-related offense that is punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court struck down the "residual clause" in the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. The Court concluded that the phrase was unconstitutionally vague. *Id.* However, *Johnson* had no effect on the ACCA's definition of "serious drug offenses."

4

Turpin's claim that he no longer qualifies as an armed career criminal is unavailing because he has at least three prior convictions for serious drug offenses. The PSR relied on Turpin's prior state and federal drug convictions to support his armed career criminal designation. In fact, his federal drug convictions—alone—satisfy the ACCA's predicate offense requirements. Turpin pleaded guilty to three counts of distribution of crack, pursuant to 21 U.S.C. § 841(a)(1). He faced a statutory mandatory minimum sentence of ten years and a maximum sentence of life for each of those three counts. This satisfies the requirement under the ACCA that his convictions be punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A).

Turpin takes issue, specifically, with his conspiracy conviction.[1] However, he pleaded guilty to conspiracy to distribute crack pursuant to 21 U.S.C. § 846, which carries the same penalties as those of the prescribed offense. Accordingly, he faced a mandatory minimum sentence of ten years and a maximum sentence of life for the conspiracy charge as well. (E.D. Pa. Indictment, ECF No. 77.) Turpin was sentenced to 84 months on each of the four counts, to be served concurrently. (E.D. Pa. Judgment at 2, ECF No. 77.)

Turpin was charged in one Indictment for these four counts. However, they were properly considered four separate convictions for ACCA purposes. First, the drug distribution charges resulted when Turpin sold drugs on three separate occasions to a cooperating witness: 8.8 grams of crack cocaine on March 3, 1999; 13.2 grams on March 9, 1999; and 24.3 grams on March 16, 1999. (E.D. Pa. Indictment at 5-7, ECF No. 77.) These drug sales, on different days, involving different amounts of crack cocaine, constitute convictions committed on different

---

[1] In his amended motion, Turpin also argues that his 2007 conviction for robbery no longer qualifies as a predicate offense under the ACCA. Turpin's robbery conviction was not used as a basis for his armed career criminal designation; rather, the PSR relied on his prior drug convictions. Because he has at least three prior convictions for serious drug offenses, I need not address the viability of Turpin's robbery conviction as a predicate offense for ACCA purposes.

5

occasions and, therefore, all count as separate predicates under the ACCA. *See United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995) (concluding that two drug sales to the same undercover officer, separated by 90 minutes, constituted criminal activity that occurred on occasions different from one another, and therefore qualified as two ACCA predicates).

Turpin's four prior federal drug convictions used to support his armed career criminal designation are viable predicate convictions, even after *Johnson*. *Johnson*, 135 S. Ct. at 2563 (noting that the decision only struck down the residual clause and did not "call into question" the other clauses of the ACCA). Accordingly, Turpin's reliance on *Johnson* is misplaced and his motion is untimely under § 2255(f)(3).

### C. Remaining Claims

Turpin also raises additional claims which are unrelated to *Johnson*. Specifically, he argues that the district court erred by permitting the over-representation of his criminal history, failing to consider the factors set forth in 28 U.S.C. § 994(d) and (h), and failing to order the Bureau of Prisons to adjust his sentence for time served in state custody for related crimes. These claims, which do not relate to his armed career criminal designation or *Johnson*, should have been brought in a previous petition. Because these claims have nothing to do with *Johnson* and the ACCA, they needed to have been raised within a year of his final judgment. 28 U.S.C. § 2255(f)(1).

Moreover, Turpin has not asserted—nor could he—that he is eligible for equitable tolling. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.

6

Case 6:06-cr-00025-NKM-RSB   Document 78   Filed 01/12/17   Page 6 of 7   Pageid#: 259

2003). Turpin has pointed to no such circumstances.[2] Accordingly, these claims, too, must be dismissed.

### III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This  12th  day of January, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Even if these claims were not untimely, they would be dismissed as meritless. Turpin makes the broad claim that his criminal history points were incorrectly tallied. He points to no specific error, and I cannot find one. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013), *overruled on other grounds*, *Gray v. Netherland,* 518 U.S. 152, 165–66 (1996) (internal quotation omitted); *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing).

Second, Turpin claims that I erred by not considering the factors set forth in 28 U.S.C. § 994(d) and (h), which resulted in an incorrect guidelines range calculation. However, § 944 concerns the duties of the sentencing commission to promulgate guidelines and is unrelated to guidelines range calculations. Moreover, Turpin has not pointed to any error in the calculation of his guidelines range, and I have not found any. Accordingly, this claim lacks merit. *Dyess*, 730 F.3d 359.

Finally, Turpin argues that I erred by failing to order the Federal Bureau of Prisons to adjust his sentence for time served in state custody for related crimes. Turpin was arrested on May 15, 2007, pursuant to a federal detainer. (PSR ¶ 3, ECF No. 76.) But only the Attorney General, through the Bureau of Prisons, may compute jail credit. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The guidelines do allow me to adjust a defendant's sentence for time already served if the prior time resulted from an offense that is "relevant conduct" to the instant offense, was the basis for an increase in the current offense level, and would not otherwise be credited. U.S.S.G. § 5G1.3. However, Turpin has not explained what prior criminal conviction constituted the "related conduct," how his current offense level was increased, and how his prison-time should have been calculated. U.S.S.G. § 5G1.3. Accordingly, this claim also fails.
.

7